405 P.2d 611

Robert E. CRANDALL, Richard G. Crandall, William F. Crandall, Nancy C. Tullie and Calvin W. Crandall, dba Crandall Building, Plaintiffs and Respondents,

v.

ED GARDNER PLUMBING AND HEAT-ING and Ed Gardner, Defendant and Appellant.

No. 10290.

Supreme Court of Utah.

Sept. 16, 1965.

---

William G. Shelton, Robert Cummings, Salt Lake City, for appellant.

Pugsley, Hayes, Rampton & Watkins, Salt Lake City, for respondents.

WADE, Justice:

Ed Gardner, defendant below, appeals from an adverse judgment by the District Court sitting without a jury in an action brought by respondents herein to recover damages based on negligence in repairing plumbing in the Crandall Building.

The determinative question in this case is whether there is sufficient competent evidence to sustain the finding of negligence.

Viewing the evidence and every reasonable inference therefrom in a light most favorable to respondents, they having prevailed in the District Court, it appears from the record that the roof of the Crandall Building, one of the older buildings in Salt Lake City, Utah, had caught on fire in March 1963. Ed Gardner, a licensed plumbing contractor, who had previously done good work for respondents, was engaged to repair the plumbing damaged as a result of the fire.

Among the repairs made by Ed Gardner was the replacing of ball cock assemblies in nineteen toilets because sawdust had gotten into the system. In replacing these ball cock assemblies Ed Gardner had his helper dismantle the ball cock from the water supply pipe to which it was attach-ed and he would then follow and replace the old ball cock with a new one and then connect it with the pipe. The connection of the pipe with the ball cock was made by first putting on a rubber gasket, then a friction ring, then a lock nut, which locks the connection tight. Mr. Gardner testified that in making a connection between the pipe and the ball cock it has always been his practice to insert the pipe into the ball cock at least an inch to assure that there would be no leakage. Upon completing all the connections with the new ball cocks the water was turned on and none was found to leak. Mr. Gardner and two disinterested plumbers of many years experience, the only experts who testified, stated that if a connection had not been properly made between the pipe and a ball cock that a leak would appear as soon as the water was turned on and if there was no leak the connection would be good. One of these plumbers testified that whether the pipe was inserted into the ball cock an inch or a quarter of an inch was not important, that the test was whether a leak appeared when the water was turned on. If it did not, the connection was good and had been accomplished in a proper and workmanlike manner.

On June 10, 1963, two and one-half months after the repairs were made, water was found seeping from the upper floors and investigation disclosed that a pipe had become disconnected from the ball cock

in one of the toilets in the ladies restroom on the fifth floor. This floor had not been reoccupied by tenants since the fire and only workmen and cleaning ladies had been known by the management to have been there since the fire. Gardner, upon being informed of the disconnection, sent his helper to make the repairs. The helper decided to replace the old pipe which had become disconnected with a more modern type pipe and upon doing so informed the building manager, according to the manager's testimony, that the connection should hold now because he had put in a longer pipe. The helper denied saying this, testifying that he had told the manager that he thought the pipe he put in was a "stronger" pipe.

The court sitting as the trier of the facts found that the pipe used was too short to hold and maintain the normal water pressure within the building and that therefore Gardner had been negligent and careless in the manner in which he had made the connection of that pipe with the ball cock which he had installed in one of the toilets in the ladies restroom on the fifth floor of the building.

Whether Gardner was guilty of negligence would depend upon whether he failed to perform the work in the ordinary and usual method used by plumbers in doing the same work.[1] The record is de-void of any substantial evidence that Gardner failed to use the method and materials ordinarily used by plumbers to make a proper connection when he replaced the toilet mechanisms. Although the building manager testified that Gardner's helper had stated that he had replaced the old pipe with a longer one and that "it should hold now," there was no evidence that Gardner as a plumber should have known that using the pipe that was there would prove insufficient to hold the ordinary city water pressure to be expected in the building. The testimony of the plumbers called by Gardner was to the contrary. The testimony of these experienced plumbers was to the effect that the test of a good connection was whether it was leakproof when first used. The respondents did not produce any evidence to contradict the testimony of those plumbers. The fact that the joint became disconnected about two and one-half months after the installation is not sufficient substantial evidence from which it can be adduced that the connection had not been made in the ordinary manner used by plumbers for this purpose.

Gardner had filed a counterclaim for a balance due from respondents which respondents conceded had not been paid and for which the court granted Gardner a judgment. The judgment in favor of

1. Fritz, Admx., v. Western Union Telegraph Co., et al., 25 Utah 263, 71 P. 209.

Gardner is affirmed but is reversed as to that portion in favor of the respondents.

HENRIOD, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in the result.